**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ZAPFRAUD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-1687-CFC-CJB |
| | ) | |
| BARRACUDA NETWORKS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

In this patent infringement action filed by Plaintiff ZapFraud, Inc. ("Plaintiff") against Defendant Barracuda Networks, Inc. ("Defendant"), pending is Defendant's motion to dismiss Plaintiff's operative Second Amended Complaint ("SAC") (the "Motion"). (D.I. 39) For the reasons set out below, the Court recommends that Defendant's Motion be GRANTED-IN-PART and DENIED-IN-PART.

**I.   BACKGROUND**

The Court writes briefly here and primarily for the parties, who are well familiar with the legal issues relating to the Motion.

Plaintiff filed its initial Complaint on September 10, 2019, in which it alleged that Defendant directly, indirectly and willfully infringed claim 1 of Plaintiff's United States Patent No. 10,277,628 (the "'628 patent"). (D.I. 1)[1] On October 18, 2019, Plaintiff filed a First Amended Complaint ("FAC"), in which it again alleged that Defendant directly, indirectly and

---

[1]   Plaintiff had also included Barracuda Holdings, LLC as a Defendant in this initial Complaint, but that entity was later dismissed from the case. (D.I. 14)

willfully infringed at least claim 1 of the '628 patent. (D.I. 9)[2] And after its United States Patent No. 10,609,073 (the "'073 patent") issued on March 31, 2020, Plaintiff filed the SAC on April 24, 2020, in which it alleged that Defendant directly, indirectly and willfully infringed at least claim 1 of the '628 patent and at least claim 1 of the '073 patent. (D.I. 37)

Defendant filed the instant Motion on May 8, 2020. (D.I. 39) Briefing on the Motion (which also includes prior briefing from an earlier motion to dismiss filed by Defendant, as well as a notice of supplemental authority submitted by Defendant) was completed on September 1, 2020. (D.I. 46) The Motion has been referred to the Court for resolution by United States District Judge Colm F. Connolly. (D.I. 41)

## II.    STANDARD OF REVIEW

The standard of review here is the familiar two-part analysis applicable to motions made pursuant to Rule 12(b)(6), which is set out in cases such as *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

## III.   DISCUSSION

The Court first addresses Defendant's request for dismissal of the indirect (induced and contributory) and willful infringement claims in the SAC regarding the '073 patent. To that end:

- The Court recommends that Defendant's request for dismissal of any "pre-suit" indirect and willful infringement claims regarding the '073 patent—that is, claims purporting to date from prior to the April 24, 2020 filing of the SAC (the first pleading in which the '073 patent was asserted against Defendant)—be GRANTED. Indeed, the Court does not understand that Plaintiff intends to assert such claims here, as Plaintiff pleads no facts in the SAC to suggest that, prior to the SAC's filing, Defendant had knowledge of the '073 patent or knowledge of infringement of that patent—both required

---

[2]     On October 8, 2019, a Certificate of Correction was issued as to the '628 patent, and so that document was now included along with the patent as an exhibit to the FAC. (D.I. 9, ex. A; *see also* D.I. 16 at 1; D.I. 26 at 1, 4-5)

2

elements of any indirect infringement or willful infringement claim. (D.I. 37 at ¶ 48 (Plaintiff alleging in the SAC that Defendant had "knowledge of and notice of the '073 patent and its infringement since at least the filing of this Complaint."); *id.* at ¶ 52 (Plaintiff alleging in the SAC that Defendant's "infringement of the '073 patent has been and continues to be willful since at least the filing of this Complaint"))

- The Court recommends that Defendant's request for dismissal of any "post-suit" indirect infringement claims regarding the '073 patent—that is, claims of such infringement dating from the filing of the SAC on April 24, 2020—be GRANTED. With regard to indirect infringement claims, the District Court has held that a plaintiff cannot plausibly plead that a defendant had the requisite knowledge of patent infringement by simply asserting in a complaint that the defendant had such knowledge *as of the date of filing of that complaint*. *See Dynamic Data Techs., LLC v. Brightcove, Inc.*, Civil Action No. 19-1190-CFC, 2020 WL 4192613, at *3 (D. Del. July 21, 2020); *VLSI Tech. LLC v. Intel Corp.*, Civil Action No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019); *see also Helios Streaming, LLC v. Vudu, Inc.*, Civil Action No. 19-1792-CFC-SRF, 2020 WL 2332045, at *4-5 (D. Del. May 11, 2020). The Court now adopts this holding as its own. It does so because it makes sense to the Court that a party cannot plausibly claim in a complaint that its adversary had knowledge of infringement of the patent-in-suit (required for both induced and contributory infringement claims) or had the specific intent to encourage another's infringement (required for an induced infringement claim) when, prior to the very moment that this complaint was filed, its adversary had never actually: (1) been aware of the patent's existence; (2) known that the patent was being infringed; or (3) intended that anyone infringe the patent. A plaintiff's claim of indirect infringement in such circumstances sounds to the Court like a hypothetical assertion about what *might or might not happen in the future*, not a plausible claim about what *in fact has already happened*.[3]

- The Court recommends that Defendant's request for dismissal of any "post-suit" willful infringement claim regarding the '073 patent—that is, a claim of such infringement dating from the filing of the SAC on April 24, 2020—be GRANTED. For reasons the Court has already set out in *Välinge Innovation AB*

---

[3] *Cf. E.I. DuPont de Nemours & Co. v. Heraeus Holding GmbH*, Civ. Action No. 11-773-SLR-CJB, 2012 WL 4511258, at *7 n.6 (D. Del. Sept. 28, 2012).

>   *v. Halstead New England Corp.*, Civil Action No. 16-1082-LPS-CJB, 2018 WL 2411218, at *9-11 & n.15 (D. Del. May 29, 2018), it has concluded that "if a patentee wishes to successfully plead a claim of willful infringement, the patentee needs to be able to allege that some form of willfully infringing conduct *has occurred as of the time it files its claim*[,]" *id*. at *11 (emphasis added). The SAC does not attempt to make such allegations as to '073 patent. (D.I. 37 at ¶ 52)

The Court next addresses Defendant's request for dismissal of the indirect (induced and contributory) and willful infringement claims in the SAC regarding the '628 patent. To that end:

- The Court recommends that Defendant's request for dismissal of any "pre-suit" indirect and willful infringement claims regarding the '628 patent—that is, claims purporting to date from prior to the September 10, 2019 filing of the original Complaint (the first pleading in which the '628 patent was asserted against Defendant)—be GRANTED. Indeed, the Court does not understand that Plaintiff intends to assert such claims here, as Plaintiff pleads no facts in the SAC to suggest that, prior to the original Complaint's filing, Defendant had knowledge of the '628 patent or knowledge of infringement of that patent. (D.I. 37 at ¶ 30 (Plaintiff alleging in the SAC that Defendant had "knowledge of and notice of the '628 patent and its infringement since at least the filing of this action"); *id.* at ¶ 34 (Plaintiff alleging in the SAC that Defendant's "infringement of the '628 patent has been and continues to be willful since at least the filing of this action"))

- The Court recommends that Defendant's request for dismissal of any "post-suit" indirect infringement claims regarding the '628 patent—that is, claims of such infringement dating from the filing of the original Complaint on September 10, 2019—be DENIED. In the SAC, Plaintiff notes that Defendant had knowledge of the '628 patent since the filing of the original Complaint, (*id*. at ¶ 30), and surely it did. And in that original Complaint, Plaintiff explained in some detail how Defendant and others were infringing at least claim 1 of that patent through, *inter alia*, the use, sale or offer for sale of Defendant's Barracuda Sentinel product. (D.I. 1 at ¶¶ 19-36; *see also* D.I. 26 at 11) So it is at least plausible that since September 10, 2019, Defendant knew that at least claim 1 of the '628 patent was being infringed, and that it also knew exactly how this was occurring. *See DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, C.A. No. 18-098 (MN), 2019 WL 3069773, at *3 (D.

Del. July 12, 2019); *see also Helios Streaming, LLC*, 2020 WL 2332045, at *5 (citing *DoDots*, 2019 WL 3069773, at *3). And although Defendant also argues that the SAC does not sufficiently set out how Defendant specifically intended to induce infringement and/or encourage another's infringement (so as to sufficiently plead an induced infringement claim), (D.I. 16 at 2, 11-12), the SAC alleges that Defendant did so, *inter alia*, "by selling or otherwise supplying Barracuda email security products [like Barracuda Sentinel] . . . with the knowledge and intent that third parties [e.g., Defendant's customers] will[, *inter alia*,] use . . . in the United States [such products, and by] disseminat[ing] promotional and marketing materials" related to the products. (D.I. 37 at ¶ 31) As our Court has held, an allegation that a party has sold or marketed its product to its customers, where the customers' subsequent use or sale of the entire product amounts to infringement, is a sufficiently plausible allegation of inducement. *See DoDots*, 2019 WL 3069773, at *3; *T5 Labs (Delaware) LLC v. Gaikai Inc.*, C.A. No. 12-1281 (SLR)(MPT), 2013 WL 1400983, at *5 (D. Del. Apr. 5, 2013); (*see also* D.I. 42 at 3).

- The Court recommends that Defendant's request for dismissal of any "post-suit" willful infringement claim regarding the '628 patent—that is, a claim of such infringement dating from the filing of the original Complaint on September 10, 2019—be DENIED. As the Court concluded in *Välinge* (and for similar reasons set out above regarding Plaintiffs' indirect infringement claims as to this patent), if the original Complaint gave Defendant notice of the patent and notice of its infringement, the Court does not see why an amended complaint cannot plausibly allege that since the filing of that original Complaint, Defendant has been willfully infringing the patent by continuing to market and sell its allegedly infringing products. *Välinge*, 2018 WL 2411218, at *11 & n.15.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that the Motion be GRANTED-IN-PART AND DENIED-IN-PART.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.

5

Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: September 22, 2020

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE