IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ZAPFRAUD, INC.

           Plaintiff,

    v.

BARRACUDA NETWORKS, INC.,

           Defendant.

Civil Action No. 19-1687-CFC-CJB

---

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, Delaware; Jonas R. McDavit, Wen Xue, DESMARAIS LLP, New York, New York

    *Counsel for Plaintiff*

Michael J. Flynn, Andrew Mark Moshos, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; David Xue, Karineh Khachatourian, Nikolaus A. Woloszczuk, RIMON, P.C., Palo Alto, California

    *Counsel for Defendant*

**MEMORANDUM OPINION**

March 24, 2021
Wilmington, Delaware

COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE

Pending before me are Defendant Barracuda Networks, Inc.'s objections to the Magistrate Judge's September 22, 2020 Report and Recommendation. D.I. 54. The Magistrate Judge recommended in his Report and Recommendation that I grant in part and deny in part Barracuda's motion to dismiss the claims of induced infringement, contributory infringement, and enhanced damages for willful infringement alleged in Plaintiff ZapFraud Inc.'s Second Amended Complaint. Barracuda objects only to the Magistrate Judge's recommendation that I deny Barracuda's request to dismiss ZapFraud's "post-suit" claims for induced and contributory infringement of U.S. Patent No. 10,277,628 (the #628 patent) and for enhanced damages—that is, claims based on alleged infringement of the #628 patent that occurred after the filing of the original Complaint in this action.

The Magistrate Judge had the authority to make his recommendation under 28 U.S.C. § 636(b)(1)(B). I review his recommendation de novo. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

ZapFraud filed the Complaint that initiated this action in September 2019. It filed a First Amended Complaint a month later and then filed its Second Amended Complaint in April 2020. In Count I of the Second Amended Complaint, ZapFraud accuses Barracuda of induced, contributory, and willful infringement

"since at least the filing of this action." D.I. 37 ¶¶ 31, 32, 34. Although claims for induced and contributory infringement exist by virtue of § 271 of the Patent Act, there is no such thing as a claim for willful infringement. Nonetheless, "in the vast majority of patent cases filed today, claims for enhanced damages [under § 284 of the Patent Act] are sought based on allegations of willful misconduct—so much so that, even though the words 'willful' and 'willfulness' do not appear in § 284, plaintiffs and courts more often than not describe claims for enhanced damages brought under § 284 as 'willful infringement claims.'" *Deere & Co. v. AGCO Corp.*, 2019 WL 668492, at *3 (D. Del. Feb. 19, 2019).

Claims of indirect infringement—that is, induced or contributory infringement—require proof that the defendant's conduct occurred after the defendant (1) knew of the existence of the asserted patent and (2) knew that a third party's acts constituted infringement of the patent. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011) ("[I]nduced infringement under [35 U.S.C.] § 271(b) requires knowledge that the induced acts constitute patent infringement."); *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) (holding that contributory infringement under 35 U.S.C. § 271(c) "require[s] a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing").

Claims for enhanced damages based on willful infringement similarly require proof that the defendant knew about the asserted patents and knew or should have known that its conduct amounted to infringement of those patents. *VLSI Tech. LLC v. Intel Corp.*, 2019 WL 1349468, at *1 (D. Del. Mar. 26, 2019).

Barracuda argued in support of its motion that ZapFraud failed to meet the pleading requirements for indirect infringement and willfulness-based enhanced damages because the Second Amended Complaint lacks factual allegations from which it can be inferred that Barracuda knew of the existence of the #628 patent (and thus also of the infringement of that patent) before the filing of this suit. ZapFraud countered that the original Complaint provided Barracuda notice of the #628 patent's existence and how Barracuda and third parties infringe the patent and that ZapFraud therefore had stated cognizable claims for post-suit indirect infringement and enhanced damages. D.I. 26 at 2–3. The Magistrate Judge agreed with ZapFraud.

District courts across the country are divided over whether a defendant must have the knowledge necessary to sustain claims of indirect and willful infringement before the filing of the lawsuit.[1]

---

[1] *Compare Proxyconn Inc. v. Microsoft Corp.*, 2012 WL 1835680, at *7 (C.D. Cal May 16, 2012) (requiring pre-suit knowledge for induced infringement claims), *Brandywine Commc'ns Techs., LLC, v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1267 (M.D. Fla. Oct. 24, 2012) (same), *Select Retrieval, LLC v. Bulbs.com Inc.*, 2012 WL 6045942, at *5–6 (D. Mass. Dec. 4, 2012) (same), *Bonutti Skeletal*

3

*Innovations LLC v Arthrex, Inc.*, 2013 WL 12149301, at *2–*3 (M.D. Fla. Mar. 29, 2013) (same), *Wi-Lan USA, Inc. v. Research In Motion Ltd.*, 2013 WL 12092486, at *4 (S.D. Fla. June 7, 2013) (same), *Black Hills Media, LLC v. Pioneer Corp.*, 2013 U.S. Dist. LEXIS 187917, at *7–*8 (C.D. Cal Sept. 24, 2013) (requiring pre-suit knowledge for willfulness claims), *Solannex, Inc. v. MiaSole*, 2011 WL 4021558, at *3 (N.D. Cal. Sept. 9, 2011) (same), *IpVenture, Inc. v. Cellco Partnership*, 2011 WL 207978, at *2 (N.D. Cal. Jan 21, 2011) (same), *Cap Co. Ltd. V. McAfee, Inc.*, 2015 WL 3945875, at *2–*3 (N.D. Cal. June 26, 2015) (same), and *Kaufman v. Microsoft Corp.*, 2020 WL 364136, at *4 (S.D.N.Y. Jan. 22, 2020) (same) *with Groupon Inc. v. MobGob LLC*, 2011 WL 2111986, at *3 (N.D. Ill. May 25, 2011) (permitting induced infringement claims based on post-suit knowledge), *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 2011 WL 3946581, at *4–*5 (N.D. Ill. Sept. 2, 2011) (same), *Intellect Wireless Inc. v. Sharp Corp.*, 2012 WL 787051, at *11 (N.D. Ill. March 9, 2012) (same), *Symantec Corp. v. Veeam Software Corp.*, 2012 WL 1965832, at *4–*5 (N.D. Cal. May 31, 2012) (same), *EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, 2012 WL 4514138, at *11–*12 (N.D. Cal. Oct. 1, 2012) (same), *Rembrandt Social Media, LP v. Facebook Inc.*, 950 F. Supp. 2d 876, 882 (E.D. Va. June 12, 2013) (same), *Labyrinth Optical Techs., LLC v. Fujitsu Am., Inc.*, 2013 U.S. Dist. LEXIS 188873, at *13 (C.D. Cal Aug. 21, 2013) (same), *Black Hills Media, LLC v. Pioneer Corp.*, 2013 U.S. Dist. LEXIS 187917, at *7–*8 (C.D. Cal Sept. 24, 2013) (same), *MyMedical Records, Inc. v. Jardogs, LLC*, 1 F. Supp. 3d 1020, 1025 (C.D. Cal. 2014) (same), *Cap Co. Ltd. V. McAfee, Inc.*, 2015 WL 3945875, at *3–*5 (N.D. Cal. June 26, 2015) (same), *Nanosys, Inc. v. QD Vision, Inc.*, 2016 WL 4943006, at *5 (N.D. Cal. Sept. 16, 2016) (same), *Opticurrent, LLC v. Power Integrations, LLC*, 2016 WL 9275395, at *6–*7 (E.D. Tex. October 19, 2016) (same), *Intellicheck Mobilisa, Inc. v. Honeywell Int'l Inc.*, 2017 WL 5634131, at *12 (W.D. Wash. Nov. 21, 2017), *ZitoVault, LLC v. Int'l Bus. Machines Corp.*, 2018 WL 2971131, at *3 (N.D. Tex. Mar. 29, 2018) (permitting willfulness-based enhanced damages claims based on post-suit knowledge), *Plano Encryption Techs., LLC v. Alkami Tech.*, Inc., 2017 WL 8727249, at *6 (E.D. Tex. Sept. 22, 2017) (same), *Bush Seismic Techs. LLC v. Am. Gem Soc'y*, 2016 WL 9115381, at *3 (E.D. Tex. Apr. 13, 2016) (indicating that willfulness-based enhanced damages claims based on post-suit knowledge were permissible), and *Canon, Inc. v. Avigilon USA Corp. Inc.*, 411 F. Supp. 3d 162, 164–66 (D. Mass. Nov. 20, 2019) (same).

Current and recent judges of this District have also taken different views on the issue.[2] Neither the Federal Circuit nor the Supreme Court has addressed the issue.

I have held in prior opinions that the complaint itself cannot be the source of the knowledge required to sustain claims of induced infringement and willfulness-based enhanced damages. *See VLSI Tech. LLC v. Intel Corp.*, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (dismissing willfulness-based enhanced damages claim where the plaintiff had alleged that the defendant gained "knowledge of the [patent] at least since the filing of this complaint"); *Dynamic Data Techs., LLC v.*

---

[2] *Compare Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 n.1 (D. Del. 2009) (Farnan, J.) (requiring pre-suit knowledge for induced infringement claims), *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) (Robinson, J.) (same), *NETGEAR Inc. v. Ruckus Wireless Inc.*, 2013 WL 1124036, at *1 (D. Del. Mar. 14, 2013) (Robinson, J.) (requiring pre-suit knowledge for willfulness claims), *SoftView LLC v. Apple Inc.*, 2012 WL 3061027, at *8 (D. Del. July 26, 2012) (Stark, J.) (same), *Bonutti Skeletal Innovations LLC v. Conformis, Inc.*, 2013 WL 6040377, at *2 n.5 (D. Del. Nov. 14, 2013) (Sleet, J.) (same), and *Callwave Comm'ns LLC v. AT & T Mobility LLC*, 2014 WL 5363741, at *1 (D. Del. Jan. 28, 2014) (Andrews, J.) (same) *with Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012) (Robinson, J.) (permitting induced infringement claims based on post-suit conduct), *SoftView LLC v. Apple Inc.*, 2012 WL 3061027, at *8 (D. Del. July 26, 2012) (Stark, J.) (same), *Groove Digital, Inc. v. King.com, Ltd.*, 2018 WL 6168615, at *2 (D. Del. Nov. 26, 2018) (Andrews, J.) (same), *DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, 2019 WL 3069773, at *3 (D. Del. July 12, 2019) (Noreika, J.) (same), *IpVenture Inc. v. Lenovo Grp. Ltd.*, 2013 WL 126276, at *3 (D. Del. Jan. 8, 2013) (Andrews, J.) (permitting willfulness-based enhanced damages claims based on post-suit knowledge), and *Clouding IP, LLC v. Amazon.com, Inc.*, 2013 WL 2293452, at *4 (Stark, J.) (D. Del. May 24, 2013) (same).

*Brightcove Inc.*, 2020 WL 4192613, at *3 (D. Del. July 21, 2020) (dismissing induced infringement claims where the plaintiff had alleged that the defendant became "aware that its accused products allegedly infringe as of the filing of the Complaint").[3] Though not without doubts, I am "not persuaded by Plaintiff['s] contention that the requisite knowledge can be established by the filing of the Plaintiff['s] Complaint." *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 n.1. (D. Del. 2009) (Farnan, J.).

"The purpose of a complaint is to obtain relief from an existing claim and not to create a claim." *Helios Streaming, LLC v. Vudu, Inc.*, 2020 WL 3167641, at *2 n.1 (D. Del. June 15, 2020). ZapFraud has identified, and I know of, no area of tort law other than patent infringement where courts have allowed a plaintiff to prove an element of a legal claim with evidence that the plaintiff filed the claim. The limited authority vested in our courts by the Constitution and the limited

---

[3] ZapFraud cites my decision in *Deere & Co. v. AGCO Corp.*, 2019 WL 668492, (D. Del. Feb. 19, 2019) for the proposition that claims of indirect and willfulness-based enhanced damages based solely on post-suit conduct are cognizable. D.I. 56 at 6–7. In *Deere*, I denied a motion to dismiss such claims alleged in two amended complaints in related actions because it was "plausible to infer" from the contents of the original complaints and marketing materials published pre-suit that the defendants knew that third parties were infringing the asserted patents. 2019 WL 668492 at *2. The defendants in *Deere* never argued that the claims should be dismissed because they were based solely on defendants' post-suit knowledge of the asserted patents. Accordingly, *Deere* did not sanction indirect infringement or enhanced damages claims that are based on post-suit knowledge of the patents asserted in an infringement case.

6

resources made available to our courts by Congress counsel against encouraging plaintiffs to create claims by filing claims. It seems to me neither wise nor consistent with principles of judicial economy to allow court dockets to serve as notice boards for future legal claims for indirect infringement and enhanced damages. I agree with Judge Andrews's statement in *Callwave Communications LLC v. AT & T Mobility LLC*, 2014 WL 5363741, at *1 (D. Del. Jan. 28, 2014), that "[t]here is a benefit to society if [a] matter is resolved without a suit." As Judge Andrews observed in *Callwave*, a pre-suit notice letter could very well lead "the patent holder and the asserted infringer [to] exchange information, and the asserted infringer might then take a license, or the patent holder might learn of reasons why suit should not be filed." *Id.*; *see also Proxyconn Inc. v. Microsoft Corp.*, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) ("[R]equiring a Plaintiff to plead knowledge based on facts other than the filing of the present lawsuit furthers judicial economy and preserves parties' resources by encouraging resolution prior to filing a lawsuit. Pre-litigation attempts at resolution are especially desirable in patent cases, which are often expensive and thus resolved by settlement.").

The policies that govern our patent system make the requirement of pre-suit knowledge of the asserted patents especially warranted for enhanced damages claims. Direct infringement is a strict liability tort. Enhanced damages under

7

§ 284 "are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). "The sort of conduct warranting enhanced damages has been variously described . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* The purpose of enhanced damages is to punish and deter bad actors from egregious conduct, not to provide a financial incentive for opportunistic plaintiffs to spring suits for patent infringement on innocent actors who have no knowledge of the existence of the asserted patents. As the Federal Circuit noted in *Gustafson, Inc. v. Intersystems Industrial Products, Inc.*, 897 F.2d 508 (Fed. Cir. 1990),

> [i]n our patent system, patent applications are secret, and patentees are authorized to sue "innocent" manufacturers immediately after their patents issue and without warning. To hold such patentees entitled to increased damages or attorney fees on the ground of willful infringement, however, would be to reward use of the patent system as a form of ambush.

*Id.* at 511.

Accordingly, in the absence of binding authority to the contrary from the Federal Circuit and Supreme Court, I will adopt the rule that the operative complaint in a lawsuit fails to state a claim for indirect patent infringement where the defendant's alleged knowledge of the asserted patents is based solely on the

8

content of that complaint or a prior version of the complaint filed in the same lawsuit. And I conclude that the operative complaint in a lawsuit fails to state a claim for willfulness-based enhanced damages under § 284 where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit.[4]

I therefore will not adopt the Magistrate Judge's recommendation and will dismiss ZapFraud's claims for post-suit indirect infringement and willfulness-based enhanced damages.

---

[4] Neither of these rules prevents a plaintiff from filing in the future a new lawsuit alleging that the knowledge requirement is established based on the defendant's awareness of the previous lawsuit. *Proxyconn*, 2012 WL 1835680, at *6. I do not believe that requiring a plaintiff to bring a second suit as opposed to obtaining leave to supplement its complaint pursuant to Federal Rule of Civil Procedure 15(d) will necessarily result in inefficiencies. *See* Fed. R. Civ. P. 15(d) (providing that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented"). The results of the first suit and estoppel doctrines would likely reduce substantially the scope of the second suit. In addition, having a second suit will avoid thorny privilege and attorney work product issues that arise when a defendant relies on the opinions of its trial counsel to form its own opinion about whether it infringes the asserted patents. *Cf. In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007), *abrogated on other grounds by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 195 L. Ed. 2d 278 (2016) (en banc) (noting that "[b]ecause willful infringement in the main must find its basis in prelitigation conduct, communications of trial counsel have little, if any, relevance warranting their disclosure, and this further supports generally shielding trial counsel from the waiver stemming from an advice of counsel defense to willfulness").

The Court will issue an Order consistent with this Memorandum Opinion.

10